UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| TRAVIS ARMES, *et al.*, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No. | 3:05-CV-459 |
| | ) | | (VARLAN/SHIRLEY) |
| MICHAEL WREN, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION**

This civil action is before the Court for consideration of defendants' Motion to Dismiss [Doc. 6], in which defendants argue that plaintiffs have failed to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), because plaintiffs' claims are time-barred. Plaintiffs respond in opposition to the motion, arguing that their claims are not barred by the applicable statute of limitations. [*See* Doc. 8]. The Court has carefully considered defendants' motion and the entire record in light of the applicable law. For the reasons set forth herein, defendants' motion will be denied.

**I.     Relevant Facts**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to construe the complaint in the light most favorable to plaintiffs, accept all well-pleaded factual allegations as true, and determine whether plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

In their complaint, plaintiffs allege that defendant Wren "arrested and unlawfully detained the [p]laintiffs without the benefit of an arrest warrant and without sufficient probable cause to believe that [p]laintiffs had committed a crime." [Doc. 1 at 2]. Plaintiffs allege that this incident occurred "on or about September 25, 2004," in Morgan County, Tennessee. [*Id.*]. Plaintiffs allege defendant Gibson failed to adequately train and supervise defendant Wren, which caused pain and humiliation to plaintiffs. [*Id.* at 2-3]. Plaintiffs allege defendant Wren committed a false arrest, which caused plaintiffs to suffer anxiety and incur expense. [*Id.* at 3]. Plaintiffs further allege that defendant Wren's conduct was outrageous, and that defendant Morgan County is also liable. [*Id.*]. Plaintiffs seek one million dollars, as well as punitive damages, attorneys fees, and costs from defendants. [*Id.*].

The complaint bears a clerk's office stamp on the upper right portion of the first page that indicates the document was filed on October 3, 2005, at 11:38 a.m. The complaint also bears a marked-through clerk's office stamp upside-down on the lower left portion of the first page that indicates the document was filed on September 23, 2005, at 9:12 p.m. The clerk's office has advised the Court that the complaint was originally stamped on September 23, 2005, using the night deposit box, but it did not include a civil cover sheet, the filing fee, or prepared summonses, which are required pursuant to Local Rules. The clerk's office contacted plaintiffs' counsel, who subsequently submitted the filing fee and cover sheet, and the original complaint was re-stamped with the October 3, 2005 date.

2

## II. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III. Analysis

The statute of limitations governing personal injury actions is to be applied to actions alleging violations of civil rights or personal injuries under 42 U.S.C. § 1983. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (Tenn. 1986) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). In Tennessee, the statute of limitations allows one year to commence personal injury or federal civil rights actions. *See* Tenn. Code Ann. §§ 28-3-104(a)(1), 104(a)(3). *See also* Tenn. Code Ann. § 29-20-305(b) (providing one year to file action against government entity). In the instant action, plaintiffs allege that their injuries arose as a result of an incident

"on or about September 25, 2004." [Doc. 1 at 2]. Thus, applying Tennessee's statute of limitations, plaintiffs action could be filed no later than September 25, 2005.

Defendants, however, argue that the instant action was not commenced until October 3, 2005; and therefore, it is time-barred by the one-year statute of limitation. [*See* Doc. 7 at 3]. Defendants do not state the factual basis for this argument, but they seem to rely upon the clerk's office stamp on the upper-right portion of the first page of the complaint. In response, plaintiffs point to the clerk's office stamp on the lower left portion of the page to argue that the instant action was commenced on September 23, 2005, before the one-year period for filing such claims had expired.

An action is commenced when a complaint is filed with the appropriate court. Fed. R. Civ. P. 3. A complaint is filed when it is delivered to the appropriate court's clerk, even if the party has failed to comply with the local rules for filing complaints. *See New Boston Dev. Co. v. Toler*, 999 F.2d 140, 142 (6th Cir.1993); *Carter v. Lack*, 869 F.2d 1489 (6th Cir. 1989) (unpublished decision). In the present case, plaintiffs delivered the complaint to the clerk's office night deposit box, where it was stamped on September 23, 2005, but failed to comply with Local Rules requiring a civil cover sheet, payment of the filing fee, and prepared summonses. *See* E.D.TN. LR 3.1, 4.1(a), 4.4.

In accordance with Local Rule 4.5, the clerk's office notified plaintiffs' counsel, who responded by curing the deficiencies. When paid the filing fee and submitted of the civil cover sheet, just ten days later, the clerk's office re-stamped the complaint with the October 3, 2005 date. The October 3 stamp, however, did not indicate that the action was

4

commenced on that date, because the action had been commenced on September 23, 2005, when the complaint was delivered to the clerk, even though plaintiffs' had failed to comply with Local Rules.

**IV.     Conclusion**

In short, the Court concludes that plaintiffs' action was commenced upon delivery of the complaint to the clerk's office night deposit box on September 23, 2005, which was before expiration of the one-year statute of limitation. Thus, defendants' motion to dismiss pursuant to Rule 12(b)(6) will be denied, because there is not an insurmountable bar on the face of the complaint that would preclude recovery for the claims plaintiffs have alleged against defendants.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE